Now call the case of number 211568 James River Insurance Company v. Ultratec Special Effects Inc. Alright looks like all counsel is present. We have Mr. Ryder for the appellant and you have reserved five minutes for rebuttal. Yes your honor may please the court again my name is Jack Ryder on behalf of James River Insurance Company. Your honors this entire issue of course revolves most centrally around policy language and the key component in any time one is evaluating whether or not there's coverage or not rests with clear and unambiguous policy exclusions. Here your honors we have a commercial general liability policy that contains a special endorsement that explicitly supersedes general policy terms. That policy endorsement says this endorsement changes the policy. Please read it carefully and then provides the following modification. It says under that special endorsement this insurance does not apply to any claim, suit, cost, or expense arising out of bodily injury to any employee of any insured arising out of in the course of employment by any insured or performing duties related to the conduct of any insured business. And your honors Ultratech's broker expressly advised Ultratech at docket entry 69-1 at pages 5 and 11 that the policy they were requiring contained this potential uninsured exposure. So this was not a surprise the notion that this was a specifically negotiated and included and described uninsured potential exposure. Mr. Ryder if we were here and we were on a blank slate and we were deciding on our own and the sole question was how to interpret the language that you just read from the endorsement I'm pretty sure that I and again I always speak for myself would agree with you but but that's not the posture that we were it we are in. We're in a posture where we are sitting on a court giving our best guess to what Alabama law would interpret this language and by doing so we look to Alabama case law and here we look to the almost identical language that's at least the language that you just read is almost identical and as to the very language of any employee of any insured the key critical language why it says the trial court in that case said the term any insured is ambiguous on its face in that a fair construction thereof could be could be that it refers to any one of the insureds and as to that holding or that finding the Alabama Supreme Court after going through analysis says we also agree with the trial court that the term any insured in exclusion is ambiguous the wording could be interpreted either to mean only singularly any one of the insured or could apply collectively to the whole group of the insured I'm given that language and given that case I'm having a hard time saying that the reading from your opposing counsel not from the opposing counsel that this is ambiguous it should be construed against the insurance company is not correct your honor of course I understand and expected this discussion to revolve much around Wyatt but I would start by answering your threshold question and that is are we writing on a blank slate is this court writing on a blank slate with respect to this issue and your honor I would respectfully submit that this court is for a number of reasons first of all the white case is completely distinguishable in that the way it is interpreted and the way it is applied as one deconstructs the case and I believe that the court and I will walk through carefully your honor why I believe this court should not construe Wyatt as controlling this the disposition of this issue first of all look looking at Wyatt the exclusionary language and I believe your honor that the Supreme Court of Alabama in this 40 year old case that has not been cited by any other authority since that case for this proposition when it looked at the exclusionary language and if we look at the exclusion there's an exception to the exclusion and this writer I saw that in your brief and we'll go through I want to go through all the distinguishing characteristics in the brief but I've read Wyatt at least three times cover to cover and it does not rely on or cite that exclusion as a basis for the ambiguity in fact it the trial court there isolates the very language any insured of any employee of any shirt of any employee or any employee of any insured and says that that is ambiguous in and of itself without relying on anything else in that exclusion or saying that because there's this exclusion we have to read this as ambiguous and your honor I as you have read it repeatedly I too have read this case repeatedly and I've read it repeatedly your honor probably more than a dozen times because it is the very language that I had looked at just before we started and I've looked at the language of Wyatt to try to understand what exactly the court was attempting to resolve and if you look at Wyatt as your honor correctly highlighted when the trial court in Wyatt and the decision refers to the trial courts discussion of the specific issue as it pertains to the exception and the trial court refers the exception the appellate court of course in the the issue that was presented to it and when it talks about the language of any occurrence any employee of any insured and it states it sort of in a broader sense it didn't say that that was a per se ambiguous provision I believe that that case and the decision of the Supreme Court that language was really tied back into the exception more to the point if we look at the relevant policy language particularly the question is you know in in Wyatt the language used in Wyatt says any insured in two different ways and that's part of a dilemma first it's to describe the exclusion from coverage as applying to any insured and then in the exception uses it to describe the any insured as if it was other than the named insured and I believe that I look at Wyatt and I agree with the decision Wyatt because the Wyatt the language of the policy exclusion juxtaposed with the exception and Wyatt is completely I just don't see how the court based it on on what the you're on the ambiguity that that you seem to be relying on and identifying it it suggested that it was ambiguous it says on its face it literally says on its face but you're yes all right go ahead I know you're absolutely correct your honor that the language of why it fast-forward to another case that's cited by your opposing counsel in brief and that's Wilson Wilson doesn't have any insured but it has an insured and and as you pointed out in your brief any and an is often read the same way in these insurance cases Wilson also seems to suggest that there's an ambiguity and and I'll read from Wilson Wilson the question of Wilson was whether that exclusion as to claims of injury made by an employee of an named insured operated to exclude a claim made against an additional insured claiming coverage under the policy if the insured is an employee of any insured under the policy the the court after going through an analysis including the severability clause says the addition of this clause the severability clause does not eliminate the ambiguity that exists in the exclusion where there are multiple insured and the insurance part the insured party is an employee of one or some but not all the ambiguity in the exclusion remains whether or not the policy contains the severability clause how how is that not I it doesn't cite why it you're right but that seems to be consistent with the holding of why your honor I again I I disagree somewhat because I don't think that the language construed there is is exactly the same as the language here because and the reason I say that is because if we look at the any employee any employee of any insured language here and we juxtapose that with the separation of insured provision and we look at those two together we don't read but why it doesn't look at them together and and Wilson says we don't have to look at them together because it's ambiguous again on its face but your honor I understand the court's point but I don't think that Wilson clearly and specifically said that this is a per se unreasonable exclude excuse me ambiguous exclusion when you when I would submit that the language is clear and unambiguous under very specific rules of construction and I think your honor for example I mean we cited for example to the wholesome decision a district court decision out of the District Court of Alabama where judge Steele talked about the intensive research he had personally done and found no case that dictated or controlled the issue that he was confronting he doesn't he didn't he didn't you agree he didn't mention Wyatt or Wilson right that's correct your honor and I believe that's because Wyatt and Wilson don't control the outcome and that's because I don't believe I believe that these cases have to be I would submit construed in connection with the facts presented in those cases and that's why I think cases like wholesome cases that and the various cases we've cited that discuss this issue talk about the idea that when you look at whether or not a policy provision is unambiguous or ambiguous I believe it has to be tied to the facts of that case it has to be tied to the language of that policy here that's that's why I submit that Wyatt doesn't control because the exception to exclusion can't be divorced can't be disconnected from the overall interpretation of the application of the case that's why I believe it hasn't been cited in 40 years that's why I believe it's not controlling you know we we also cited and and I would note the district court in this case didn't apply Wyatt or Wilson the district court in this case agreed with our position that on its face the the language of be any employee of any insured was unambiguous and would have controlled the disposition of the case and yet the district judge decided to look to Florida law through this court's decision in design build and as we've cited through supplemental authority even Florida has now shifted gears on this issue through the recent case of the ILO case out of the 4th District Court of Appeal where even in Florida there's been this receding or retreating as distinguished from the 50th district's decision in premier from this notion that the any employee or oxy will be severed I should say this way that the separation of power of severability of insureds provision can create an ambiguity or can let me ask you let me ask you you're over your time and prior doesn't mind I have a question about jurisdiction I'd like to ask you yes so I was on the panel the jurisdictional panel in this case and I'll just tell you I am reconsidering the order that we issued so before you sit down I just want you to address why you think that the district courts order here on the declaratory judgment issue is more akin to a preliminary injunction than just your standard declaratory judgment yes your honor well I would say first of all that I think it I obviously of course while the court independently examines jurisdiction I would just note and I'm sure my opposing counsel will also note that they have withdrawn their challenge to this court's court so both sides do agree at this stage with the court's prior conclusion that under the precedent of this court that there is in fact jurisdiction your your honor basically I believe that this court was correct in concluding that there is jurisdiction over this matter in light of the fact that this is in the nature of injunction in that it required James River to continue to defend and to pay defense costs I think it falls directly and squarely within this court's precedent and so where does it say that I guess that's the thing I mean and now that I've looked at the district court's declaratory judgment a little bit more carefully where does it specifically direct the insurance company to continue doing anything well what it did find was that there is a duty to defend and James River is in fact defending so I mean one of the odd things to me is you filed the lawsuit asking for a declaratory judgment on this issue and so there was you know that was a counterclaim but the district court ruled on your claim for declaratory judgment it seems kind of odd to me to say that the district court inherently enjoined you to do something on your own request what do you think about that I think your honor that once the district court issued a declaration that found that James River had a duty to defend that that has in effect like an injunction because the Jane James River was going to respect and honor the decision of the district court until yeah we said we said that just because it's a declaratory judgment judgment doesn't mean it's necessarily an injunction right and so there has to be something different about the declaratory judgment to say it's the equivalent of an injunction I guess my question is what is what is different about this declaratory judgment that sort of makes it injunction like well I guess your honor I don't know that what I would submit is that I don't know that it's a difference from a typical declaratory judgment other than it is a natural consequence of the declaration that the requirement that James River exercised this duty to defend is in effect an injunction unless and until this court reverses that decision because point in fact James River continued to honor that obligation in accordance with that courts the right the answer is the answer to judge Ratcher's question that the the order itself not just the summary judgment order but the order that followed it didn't just declare something but in fact ordered something right I agree with that completely or what did it order James River to do well I think in the order by point of fact was to to have that it had this duty to defend now I'll acknowledge I don't have the order directly in front of me to read from it your honor I actually do it's not an entry 170 which states accordingly so so it goes through and says they're accordingly the court orders in bold and capital letters as follows James River has a duty to defend ultra tech MST and Mike Thune I'm sorry if I pronounce that incorrectly in the underlying state court lawsuits it does not have a duty to defend mr. Holland mr. Moore and mr. Anthony and James River is not entitled to reimbursement for defense costs and for defending the insured if let me ask you this if you had violated that order if you had we ain't gonna do it we think our reading is right and we're gonna win when it comes to trial time and and we don't have to do it do you think you would have been subject to contempt I do believe so your honor I do and I believe that makes it mandatory and it's in its effect so I think that would be consistent with the idea that this court does have jurisdiction over the matter your honor and before I know I'm deep into my rebuttal time and so if I may before I sit down I do want to just reference back to the merits of our point because I want to have an opportunity to address it in if I have some rebuttal time we also cited to the American cast-iron pipe case and I think it's important that that case too did not cite Wyatt when it talked about the fact that the separation of insureds provision does not create a sever severance of insureds interest between a corporation and a wholly owned subsidiary so I also wanted to bring the court's attention to that issue which we so highlights the fact that we're dealing with a different kind of situation here and so I know like I said I'm into my rebuttal time I hope that your honors I would ask that I have some rebuttal time still but we we believe that this policy provision is clear and unambiguous and this court I submit your honors this case really warrants certification to the Alabama Supreme Court because I respectfully submit that Wyatt is just not clear has to writer you are now eating is your rebuttal time you may continue if you wish no your honor I just asked that the court certify this case the Alabama Supreme Court thank you counsel for a police you may begin when ready presiding judge prior associate judges may it please the court my name is Richard Riley and I represent the appellees Cothran Sanderson and Wharton the other appellees Ultra Tech Canada and Thulin have ceded their time to me so I'm going to be giving the full 15-minute argument mr. Nyman counsel for these other appellees is present should you have any questions for him the issue is precisely as judge luck has said whether James Rivers employee liability exclusion including the phrase any insured combined with two robust separation of clauses or without those clauses is ambiguous as the language and the policies at issue in the Alabama Supreme Court's decision and Wyatt McCormick and Wilson judges of this court James Rivers language is more ambiguous than in all those cases judge Kalan got it right the exclusion does not apply James River has a duty to defend the Alabama Supreme Court informed these ensure informed everybody including liability insurers decades ago that using the words any insured and an employer's liability exclusion is ambiguous as a matter of law regardless of whether it's coupled with a separation of insurance clause all persons including liability insurers doing business in Alabama are charged with knowledge of the law James River should have been well prepared to exclude claims like this if it really wanted to no liability insurer who has read those cases could expect to defeat coverage in Alabama under these circumstances let me ask you mr let me ask you this one of the questions I had for myself would be if I were an insurance company and I did want to liability for my contract what would I say in light of what Alabama law has said how would you write that or is or is or the or is the way that you and I guess the reason I'm asking that is that I want to make sure that the way you're reading Alabama law is not a way in which it would prohibit an insurance company from drafting something that would exclude this liability yes your honor there I think there's many ways that they could have done it I've got a language but I think the first thing is instead of calling it an employer's liability exclusion maybe you call it a named insured exclusion another thing is you specifically say the separation of insurance clauses doesn't apply in this case the the that doesn't answer judge russia's question because your argument and one that I tend to agree with is that why it says on its face the exclusion even outside of and not considering the severability provision is ambiguous so I joined judge brass from this question if you can't say any insured and any employee and and that doesn't mean what it actually says what can you say to get there yes your honor one thing you could say is this policy provides no coverage for a claim asserted by an employee of a named insured against number one the same named insured or a different named insured that is not his or her employer that is very very specific it says that the employee of a named insured cannot sue her employer and it cannot sue any other named insured regardless of whether that person's employer I also think it's important to specify the separation of insured clause does not apply to this exclusion you know the whole purpose of a separation of hey you know these other named insureds our employees can sue them or vice versa I think that's the plain meaning of what a business person would read this another option is regardless of what the separation of insureds provision state this policy provides no coverage for a claim asserted by an employee against one is a her employer that isn't insured or to a parent sister a subsidiary company of his or her employee employer regardless of whether that person is a named insured that would be very clear clear clear language that any insurance company who reads these cases which are very clear to me could have excluded the claims in this clay case and James River did not do it I want to turn to a couple of comments made by opposing counsel opposing counsel along with judge luck along with everybody has read why numerous times and and and opposing counsel says that why it is internally inconsistent well if that's the case if that's what and I don't agree with that but if that's what it was presented in why it should have done a much better job than diving in and doing exactly what I would submit why is why it forbids a couple of other cases that were were discussed the ASIPCO case and I addressed this we appellees filed two separate briefs I addressed this on page 22 to 24 of our brief but ASIPCO didn't even deal with an employer's liability exclusion it dealt with a different exclusion altogether a completed operations exclusion and in that case the insurer was trying to use the separation of insurance clause as a sword to defeat coverage instead of recognizing that it's designed to be a shield to protect to protect insurance coverage and and you know the issue was not as broadly as James River has argued that it just means that parent companies are always excluded under employers liability exclusions that that's not the case it was a very specific analysis of the Holcrum or wholesome excuse me was discussed that you know Wyatt and Wilson was not mentioned in that case and and that maybe judge judge Steele knew about those cases but decided not to put him in there because he didn't believe that they're pertinent that just goes against everything I know about judge Steele judge Steele is perhaps one of the most detail-oriented district judges that I've ever encountered he is very thorough he says what's on his mind didn't he note in that case that he got pretty shoddy briefing from from the parties yes your honor yes your honor he was frustrated especially on that issue he didn't get any briefing on that issue at all and you know if he had I think judge Steele would have certainly resolved that case differently the the that judge Kalan did not rely on why is respectfully reading something into his opinion that's just not there well counsel I think it's fair to say he clearly relied on while Wyatt and clearly knew about it but he did pretty clearly state that his belief was that this language was unambiguous and and I have to say if you put me again I'll start work I'll start say to you what I if you put me in a complete blank slate here it is hard for me to say that this is not unambiguous I I don't think I've ever seen the term any interpreted in the way that the Alabama Supreme Court interpreted it here but but it did so I but I'm not sure that you can rely on on the district judge here who specifically found even knowing about Wyatt that this language was unambiguous right well your honor I have two responses to that number one judge Kalan can be a firm for any reason in the record even if he even if he made a mistake about how he got there okay so that's number one number actually I have three number two as you said Wyatt is Wyatt is Wyatt Wyatt says what it is number three I would submit to you that this phrase this use of the word any is not as clear with respect to your honor as as it appears that the dictionary gives many definitions for the word any I've got I will I will tell you counsel our court and the Supreme Court have legions of cases where we've said any is a powerful and broad word and sweeps everything in it means all all of what follows that doesn't mean in context it can't mean something else and maybe that's what the Alabama Supreme Court was trying to say here but I I will just say I'm absent Wyatt and Wilson I'm unconvinced that that this can be read at least without the severability clause I'm saying you know independently as the Alabama Supreme Court has read it but you know we're bound by what it said yes your honor the move to the issue of certification to the Alabama Supreme Court that was mentioned by mr. Ryder number one the standard for Supreme Court the Alabama Supreme Court said in 2011 in the Stuart title case 83 southern third 469 this court may answer questions from federal courts only where there are no clear controlling precedents and the answer the question is determinative of the cause construing an insurance policy treads no new ground under Alabama law and precedent determinative of such an analysis is well settled this honorable court in the Rome case also said that comedy considerations are low in cases for example the interpretation of a clause of an insurance contract I would also submit to your honors that if James Rivers quest in pursuing this deck action was to challenge why it is being incorrect they could have filed this case this declaratory judgment case in Alabama State Court we've got many Alabama citizen defendants if that was its quest it should have done that but James River didn't even mention Wyatt in its motion for summary judgment in his briefings until the defendants of my clients and mr. Nyman's clients brought it up and and even then they said well Alabama law doesn't even apply they said Ohio law applied an argument that they have dropped on appeal so for mr. Ryder to suggest that this court should you know not decide this case when James River has asked the federal courts to get involved just adds more delay quite frankly to a case that's over six years old Amy has been dead for six years McKenna has been significantly burned for six years it's been very complicated we have many defendants this is the third deck action we've had an interlocutory appeal the Alabama Supreme Court my clients are requesting your court to to to answer this decision now based on Wyatt and Wilson can you address the jurisdictional issue yes your honor I will say that you know we we did file a motion to dismiss however that was at the moment in time when we were pushing for the underlying cases to be tried we felt this is a clear issue and you know we felt like the decisions leaned in our favor and so we made the argument your honors now know that the situation has changed we want this honorable court to rule on this issue and you know the the decisions quite frankly the if we just had to deal with the National Union versus Selene case you know I might feel differently about the the jurisdiction argument but the Addison case the 2017 case which is not binding it's a it's a federal appendix case it tends to support what I believe to be Judge Lux view that this was an order this was an admonition by Judge Kahlon and you know let's face it you know James River asked for a ruling on this they didn't want to defend anymore and Judge Kahlon says you have a duty to defend so so it is even though it may not be explicitly an injunction it is certainly a strong strong admonition and I think mr. Ryder was correct when he this kind of stuff all the time and I'll have a question that's a little bit related to the jurisdictional question that has been bothering me for the last two years which is there's a sort of a split in the courts certainly in Alabama the district courts about what to do when you get one of these declaratory judgment actions filed by insurance company where they seek a declaratory judgment on duty to defend and the declaratory judgment on the duty to indemnify and said it wasn't right and then ruled on duty to defend and other judges like Judge Kahlon has held the duty to indemnify issue preventing the fine finality of a judgment state right so he just stated so that's that's what prevents the finality if he had just dismissed it then we'd have a final judgment we're not having trouble from from your having litigated a number of these issues and have been involved in those kind of declaratory judgment actions what's your general position on whether judges should dismiss the indemnification claim is not right and enter a final judgment on duty to defend or do what Judge Kahlon did which is hold it and just basically never enter a final judgment well my time is up I assume you want me to answer your honor I have not really dove down into that issue I think a judge could do either because we don't really have a race judicata issue you know a declaration can always be brought up on the on the indemnity issue at another time and so that that dismissal of the the indemnity would be you know without prejudice type thing I I tend to think that it could be done either way I think that perhaps Judge Kahlon you know try to keep the parties from having to come in from in a different case you know that that may have to get transferred to be more complicated I think probably he was thinking it'd be simpler just to stay it that's the best answer I have judge Brasher Thank You mr. Riley mr. Ryder we're going to give you your full five minutes for a bottle you're muted thank you your honor first of all in hearing the discussion of the white case and certainly understanding the significance of that decision the fact that so many of us have talked about how many times we've had to read the case in order to try and understand it really lends itself I would submit in favor of certifying this case to the Alabama Supreme Court the the bottom line is is that the case your honors asked counsel well well what could James River have done differently here and that answer seems hard to find because James River did exactly what is appropriate under case after case after case that we have cited from jurisdictions across the United States the complexity and the fact that the Wyatt decision is 40 years old and how many of these decisions have come out in the interim since that decision and the decisions that have as recently we cited supplemental authority a decision out of the Ninth Circuit that was issued after we filed our initial brief the JJ realty case that also supported the position that we're taking the fact that this exclusion is clear and unambiguous and judge luck as you noted when you read it you deemed it to be as I understood your interpretation of it to be unambiguous judge Callan in the district judge deemed it to be unambiguous he explicitly said just reading that exclusion on its own he would have found that it does in fact preclude coverage here in accordance with James Rivers position he only found an ambiguity by going back and looking at the separation of insurance provision I don't believe that judge Steele overlooked Wyatt judge Steele in the footnote when he talked about the lack of briefing as your honor did note here in the next sentence talked about how he had done the heavy lifting and counsel talked about how he knows judge Steele to be a detail-oriented thorough judge so I would submit that judge Steele doing his own independent research concluded as did the district judge in this case that the Wyatt decision was not dispositive because it is internally inconsistent and I think your honor judge luck as you you raised all these questions you said you had to read the case several times I think that lends itself in favor of certification in this court's decision or slow no your honor I don't believe that's it at all I think that the case is internally inconsistent and highly confusing and and it does not answer the question most importantly I don't believe that it gives the court this court the guidance that it needs to address the issue and that's why this case requires I submit certification to the Alabama Supreme Court with the short time you have left can you answer your mr. Riley brought up a very interesting point about about certification and insurance cases and in these sorts of cases where there's at least arguable precedent can you address that well yes your honor I would start by I did want to cite in Mississippi Valley insurance as this court explained certifying the questions the Alabama Supreme Court only a state Supreme Court can provide what we can be assured are correct answers to state law questions because the state's highest court is the one true and final arbiter of state law because we find the resolution of this case to turn on unsettled state law question we believe that it's appropriate to wait until the final arbiter has spoken the fact your honor is that that this is an area of insurance law and that there's other authority out there I would submit support certification the reason is is because this isn't a case where we're just looking in a vacuum and there's no other interpretation or authority to help guide this court's decision we've got the Wyatt and Wilson cases and I again I believe that Wyatt and Wilson do not clearly answer this issue because I believe they can be distinguished in part as we've said in our brief because both referred back to the McCormick decision which had a quote be insured rather than any insured so I did want to highlight that both Wyatt and Wilson referred back to McCormick as if it was guiding precedent on this issue so what I was trying to suggest here is this isn't a case where the court is looking at it is only Wyatt and Wilson and nothing else we've got Wyatt and Wilson which I believe are very very unclear followed by a 40-year gap of precedent where there's really no references to these cases but we have other decisions district court decisions like the wholesome decision district courts decisions like this one where the court dispensed with and didn't apply the Wyatt case as binding authority so what that does is and then we've got literally cases from across the United States that have evolved on this issue that have made clear that the any employee of any insured language is unambiguous and that a separation of insurance provision does not create an ambiguity it does not turn it into an ambiguity when we utilize the language we James River utilize the very language that those cases and legal scholars talk about using the any employee of any insured so when judge Brasher you said what else could we have done James River did exactly what the cases provide I think I again respectfully request that this court certify this case to the Alabama Supreme Court since we are all struggling with interpreting what the law in Alabama is on this issue and again your honors thank you for allowing me the time to address this through you